UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *MANAGED PHARMACY CARE v. KATHLEEN SEBELIUS, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE M. JEANG | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:**   **(In Chambers:) Defendant's Ex Parte Application for Clarification and/or Modification of Injunction and Request for Stay** (filed 02/06/12)

## I.   INTRODUCTION

On December 28, 2011, the Court issued an order granting preliminary injunction. That order stated, in pertinent part:

> Defendant Toby Douglas, Director of the California Department of Health Care Services, his employees, his agents, and others acting in concert with him shall be, and hereby are, enjoined and restrained from violating federal law by implementing or otherwise applying the reduction on Medi-Cal reimbursement to providers of pharmacy services in the Medi-Cal fee-for-service program on or after June 1, 2011, pursuant to Assembly Bill 97 enacted by the California Legislature in March 2011, as codified at California Welfare and Institutions Code § 14105.192, or as to any other degree reducing current Medi-Cal rates for pharmacy providers in the Medi-Cal fee-for-service program.

Dkt. No. 46 at 22.

The Director filed the instant ex parte application for clarification and/or modification of injunction and request for stay on February 6, 2012. Plaintiffs opposed the application on February 8, 2012. After considering the parties' argument, the Court finds and concludes as follows.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *MANAGED PHARMACY CARE v. KATHLEEN SEBELIUS, ET AL.* | | |

**II.     Discussion**

    **A.     The Director's Application for Clarification and/or Modification of the Injunction.**

    The Director argues that the injunction as presently constituted is overbroad in two respects. First, the Director contends that the injunction is overinclusive because it is not limited to rate reductions pursuant to AB 97, which is the sole legislation cited in plaintiffs' complaint and challenged through this lawsuit. According to the Director, the injunction improperly includes language that could be construed as preventing the Director from reducing rates on another basis that may otherwise be permitted by law. Memorandum in Support of Ex Parte Application at 5. Next, the director maintains that the injunction is overbroad because it is not limited to payments for prescription drugs, but encompasses all pharmacy services. Id. at 6.

    In opposition, plaintiffs argue that it was improper for the Director to proceed on an Ex Parte basis. Additionally, plaintiffs contend that the Director's Ex Parte application violates the Federal Rules of Civil Procedure. Opp'n to Application for Modification at 1–2. Further, plaintiffs argue that the circumstances of this case justify the inclusion of the language complained of by the Director. Id. at 2. In this respect, plaintiffs argue that absent such language, the Director will to implement another rate reduction requiring more litigation. Id. at 2. With respect to the phrase "pharmacy services," plaintiffs argue that this phrase should be allowed to encompass all pharmacy services because AB 97 is void in its entirety. Id. at 3–4.

    The Court finds that the preliminary injunction issued on December 28, 2011, should be modified to exclude the language: "or as to any other degree reducing current Medi-Cal rates for pharmacy providers in the Medi-Cal fee-for-service program." In reaching this conclusion, the Court rejects plaintiff's contention that the Director is effectively seeking a reconsideration of the Court's order granting a preliminary injunction. Instead, the Director merely seeks modification of the order concerning an issue not previously argued by the parties. As to the merits of the Director's application, the Court believes that the preliminary injunction as presently constituted is in fact overbroad. Although the Director may implement a rate reduction in another manner that is also inconsistent with the Medicaid Act or otherwise in violation of federal law,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *MANAGED PHARMACY CARE v. KATHLEEN SEBELIUS, ET AL.* | | |

such a possibility does not satisfy Article III's requirement that a case or controversy be ripe for judicial review. If and when the Director announces plans to reduce Medi-Cal reimbursement, plaintiffs are free to bring suit to block such implementation. With respect, to the inclusion of the phrase "pharmacy services," the Court finds it necessary to clarify that this term encompasses only the narrow services for which plaintiffs sought an injunction. In their moving papers, plaintiffs expressly stated that "'pharmacy services' referred to prescription drugs, as included and interpreted in the prior preliminary injunctions and the prior 10% rate cut case. . . ." Accordingly, December 28, 2011 injunction is limited to "payments to pharmacies for prescription drugs."

### B. The Director's Application for a Stay

The Director requests that the Court stay its injunction during the pendency of an appeal of this matter. According to the Director, a stay is appropriate because "serious questions" exist that go to the viability of plaintiff's Supremacy Clause claim against the Director and because the State's fiscal situation has deteriorated since the Court issued its injunction. Memorandum in Support of Ex Parte Application at 7–9.

The Court finds that a stay of its injunction is inappropriate at this time. In deciding whether to issue a stay pending appeal, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." See Golden Gate Rest. Ass'n v. City & County of S.F., 512 F.3d 1112, 1115 (9th Cir. 2008) (citations omitted). The Court finds that the relevant factors do not weigh in favor of granting the Director's motion. Most importantly, although the Court is cognizant of the State's continuing fiscal difficulties, there is no evidence that the Director will suffer irreparable injury absent a stay. By contrast, the issuance of a stay would substantially injure plaintiffs because providers would continue to lose considerable revenue that cannot be recouped and because Medi-cal beneficiaries would suffer from reduced access to services. Accordingly, the Court denies the Director's request for a stay pending appeal.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *MANAGED PHARMACY CARE v. KATHLEEN SEBELIUS, ET AL.* | | |

### III.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS the Directors ex parte application for clarification of the Court's December 28, 2011 injunction order. The Court DENIES the director's plaintiff's ex parte application for a stay pending appeal.

IT IS SO ORDERED.

: 

Initials of Preparer    SMOM