UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|----------|------------------------|------|---------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

Proceedings:     **(In Chambers:) ORDER RE: SCOPE OF PRELIMINARY INJUNCTION**

**PLAINTIFFS' EX PARTE DUE PROCESS OBJECTION TO ALLOWING ELEVENTH AMENDMENT TO BE RAISED WITHOUT REPLY FROM PLAINTIFFS**

**PLAINTIFFS' EX PARTE REQUEST FOR STAY OF ANY ORDER MODIFYING THE DEC. 28, 2011 ORDER ON ACCOUNT OF THE ELEVENTH AMENDMENT**

## I.     INTRODUCTION AND BACKGROUND

On November 4, 2011, plaintiffs filed the instant action against Toby Douglas, Director of the California Department of Health Care Services (the "Director") and Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary").

The California Department of Health Care Services ("DHCS") is a California agency charged with the administration of California's Medicaid program, Medi-Cal. The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|----------|------------------------|------|---------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

Plaintiffs are a Medi-Cal beneficiary, five pharmacies that participate in the Med-Cal fee-for-service program, a large pharmacy organization with 340 member pharmacies throughout California, an independent living center, and the state association of independent living centers.

On March 25, 2011, California Governor Edmund G. Brown Jr. signed into law Assembly Bill 97 ("AB 97"), the health budget trailer bill for California fiscal year 2011–2012. AB 97 enacted significant payment reductions for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 97 enacted California Welfare and Institutions Code § 14105.192, which provides that the Director shall reduce fee-for-service payments to pharmacies by 10 percent for services provided on or after June 1, 2011, and reduce payments to managed health care plans by the actuarial equivalent amount of the Medi-Cal fee-for-service payment reduction. Section 14105.192(o) provides that the rate reduction shall not be implemented until federal approval is obtained, but that when federal approval is obtained, rate reductions should be implemented retroactively to June 1, 2011.

DHCS submitted proposed State Plan Amendment ("SPA") 11-009 to CMS on July 15, 2011, seeking federal approval of the rate reduction and incorporation of that reduction into California's Medi-Cal State Plan. DHCS submitted an access analysis regarding pharmacy services as well as a plan for monitoring the effects of the rate reduction. On October 27, 2011, in a letter from the Associate Regional Administrator of the CMS Division of Medicaid and Children's Health Operations, CMS provided notice to the Director and DHCS that it had approved the SPA.

Plaintiffs allege that CMS's approval of the SPA was in violation of 42 U.S.C. § 1396a(a)(30)(A) ("Section 30(A)"), the Supremacy Clause,[1] the Due Process Clause of the 14th Amendment to the U.S. Constitution,[2] and the Privileges and Immunities Clause.[3] Compl. ¶ 32. Plaintiffs further allege that the Secretary's approval of the SPA

---

[1] U.S. Const. art. VI, cl. 2.

[2] U.S. Const. amend. XIV.

[3] U.S. Const. art. IV, § 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 et seq. because the Secretary failed to consider certain factors including the impact of the rate reduction on access to and quality of pharmacy services. Id. ¶ 35.

On December 28, 2011, the Court issued an order granting a preliminary injunction. That order stated, in pertinent part:

> Defendant Toby Douglas, Director of the California Department of Health Care Services, his employees, his agents, and others acting in concert with him shall be, and hereby are, enjoined and restrained from violating federal law by implementing or otherwise applying the reduction on Medi-Cal reimbursement to providers of pharmacy services in the Medi-Cal fee-for-service program on or after June 1, 2011, pursuant to Assembly Bill 97 enacted by the California Legislature in March 2011, as codified at California Welfare and Institutions Code § 14105.192.

Dkt. No. 46 at 22.

At oral argument in the related case California Medical Association v. Douglas, No. CV 11-9688 CAS (MANx), the Director argued that the Court cannot enjoin the implementation of the challenged rate reduction for services rendered between June 1, 2011, and the date of the Court's order because such an injunction would violate California's Eleventh Amendment immunity. The Court found this argument persuasive, holding:

> Insofar as the Director has not yet reimbursed providers for services rendered between June 1, 2011, and the date of this order, the Court finds and concludes that an injunction restraining the implementation of the rate reduction would be contrary to the State's Eleventh Amendment immunity. In this respect, the Court is guided by the Ninth Circuit's explanation that "whether relief is prospective or retrospective in the Medicaid payment context turns on the date of service, not the date of payment." ILC II, 572 F.3d at 661 n.19. Under this definition, an injunction precluding the Director from reducing payments for services already rendered would constitute a retrospective award of damages in violation of the Eleventh Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|----------|----------------------|------|---------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

On January 31, 2012, the Court ordered plaintiffs to show cause why the preliminary injunction should not be modified to exclude reimbursements not yet paid by the Director for services provided between June 1, 2011, and January 10, 2012. Plaintiffs submitted their response to the Court's order on February 6, 2012. Thereafter, the Court ordered the Director to reply. The Director submitted his reply on February 15, 2012. On February 27, 2012, plaintiffs' filed an ex parte objection to allowing the Eleventh Amendment to be raised without reply from plaintiffs. Plaintiffs also requested that in the event the Court modifies its injunction, that such modification be stayed pending appeal. The Director filed his opposition thereto on February 28, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    The Court's Order to Show Cause

Plaintiffs first argue that the Director has paid pharmacies 100 percent of their claims for services furnished after June 1, 2011, without having objected based on the Eleventh Amendment. Therefore, plaintiffs contend that the Director cannot at this point raise an Eleventh Amendment objection. Plaintiffs' Response at 1.

Plaintiffs argue that the issue presented in <u>Indepenent Living Centers v. Maxwell-Jolly</u>, 572 F.3d 644, 661 n.19 (9th Cir. 2009) ("<u>ILC II</u>") is factually distinguishable because in that case the State had already reduced provider payments for approximately six weeks, pursuant to a statutory provision that had been effective for that same period before this Court issued an injunction preventing further violations of federal law. Plaintiffs' Response at 2. According to plaintiffs, this is distinct from the question presented in this case, which concerns whether the Eleventh Amendment would be violated by preventing the Director from reducing payments not yet made for services rendered before the Court's injunction issued. <u>Id.</u> Plaintiffs argue, in effect, that they have not suffered any injury unless and until they are paid less than they were entitled to receive absent a violation of federal law.

In support of their argument, plaintiffs rely on <u>Cardenas v. Anzai</u>, 311 F.3d 929 (9th Cir. 2002). <u>Id.</u> at 2–3. In that case, the Ninth Circuit observed that the Supreme Court had narrowed the scope of the prohibition against retrospective relief in <u>Papasan v.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|----------|----------------------|------|---------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

Allain, 478 U.S. 265 (1986). In Papasan, the Supreme Court explained that the inquiry must focus on the purpose of the relief sought, noting:

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. . . . On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

Papasan, 478 U.S. at 278. Plaintiffs contend that applying this distinction, they only seek to bring an end to a "continuing violation of federal law" by barring the Director from reducing provider payments retroactively. Plaintiffs' Response at 3. Specifically, plaintiffs' argue that they do not seek compensation for a past action of a state official because the Director has not yet taken any illegal action regarding services provided prior to the date of the Court's injunction. Id.

In his reply, the Director argues that in the Medicaid context, the Second, Seventh and Ninth Circuits have expressly held that for purposes of determining whether an order would have an impermissible impact on the State treasury, the inquiry "turns on the date of service, 'even if the Department has not yet tendered payment for the services.'" Director's Reply at 1 (quoting ILC II, 572 F.3d at 661 n. 19 (citing New York City Health & Hosps. Corp. v. Perales, 50 F. 3d 129, 137 (2d Cir. 1995) ("Perales"); Wisc. Hosp. Ass'n v. Reivitz, 820 F.2d 863, 867 (7th Cir. 1987) ("Reivitz")).

The Director maintains that plaintiffs' attempt to distinguish ILC II from this case based on the timing of DHCS's implementation of AB 97 is unfounded. Director's Reply at 4. According to the Director, while the implementation date is merely when DHCS begins to process providers' invoices, providers were on notice of the change in the law when AB 97 was enacted by the California Legislature in March 2011. Thus, the Director argues that plaintiffs were on notice that beginning in March 2011, subject to federal approval, reimbursement rates would be reduced for dates of service commencing June 1, 2011. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | | Date | March 8, 2012 |
|----------|----------------------|---|------|---------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | | |

Finally, the Director argues that if plaintiffs were entitled to higher reimbursement rates for services rendered before the date of the injunction, then there would be no risk of irreparable harm justifying the issuance of the preliminary injunction. Id. at 5.

The Court finds that the preliminary injunction must be modified to exclude coverage of services rendered between June 1, 2011, and December 28, 2011, the date the Court granted the preliminary injunction. In reaching this determination, the Court concludes that absent such a modification, the State would effectively be required to pay funds from its treasury—the difference between full payment and the payment that would be required under AB 97—for liability that accrued before the date of the injunction.

In ILC II, the Ninth Circuit explained that in the Medicaid context, the appropriate inquiry for determining whether the Eleventh Amendment would bar a particular form of relief is the date services were rendered even if the State has not yet tendered payment for such services. 572 F.3d at 661 n. 19. The Second Circuit's decision in Perales, 50 F.3d 129, and the Seventh Circuit's decision in Reivitz, 820 F.2d 863, confirm the Ninth Circuit's statement. In Perales, the Second Circuit reversed the district court's order compelling New York's Department of Social Services ("DSS") "to provide full Medicaid reimbursements to plaintiffs for medical services that were performed prior to the date of the district court's judgment, bt for which reimbursement claims were not filed with DSS until after the date of judgment." Perales, 50 F.3d at 130. As here, the plaintiffs in Perales maintained that they were entitled to payment for claims properly submitted after the date of the district court's order even though services were rendered prior to that date, arguing that "the 'real injury' occurs at the time the regulation is brought into play for the purpose of denying their claims." Id. at 132–33. The Second Circuit rejected the argument explaining that "plaintiffs' proposition does not rest comfortably in the reality of the Medicaid schemes or in Eleventh Amendment jurisprudence as it has been applied to Medicaid reimbursement disputes." Id. at 136. Similarly, in Reivitz, the Seventh Circuit rejected the plaintiffs' request for injunctive relief seeking Medicaid payments for services rendered before the injunction issued, but which had not yet been paid by the state of Wisconsin. Reivitz, 820 F.2d at 867. The court found plaintiffs' claims distinguishable from the prospective relief anticipated in Ex parte Young, explaining:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|----------|------------------------|------|----------------|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

A suit under Ex parte Young envisages a situation in which state officials are being told in effect to leave the plaintiff alone. The relief sought is against the officials; the state treasury is not directly affected. But if the officials retain the money claimed by the plaintiff and deposit it in the state treasury . . . a suit asking the officials not to interfere with the plaintiff is of no use to him. What he needs is payment. And here it is sought from the state treasury. . . .

Reivitz, 820 F.2d at 867. Here, absent a modification, the Court finds that its injunction would violate the Eleventh Amendment by effectively requiring the State to pay damages from its treasury.

The Court rejects plaintiffs' attempt to distinguish ILC II from this case based on the timing of DHCS's implementation of the challenged rate reduction. As the Director explains, the implementation date merely represents when DHCS begins to process providers' invoices. Because the proper focus is on when services were rendered, the date DHCS begins to process invoices is irrelevant.

## B.    Plaintiffs' Ex Parte Filings

Plaintiffs argue that the Court violated their procedural Due Process rights by requiring them to respond to the Court's Order to Show Cause before the Director had stated his argument concerning the Eleventh Amendment. Plaintiffs' Ex Parte Objection at 1. To correct this alleged violation, plaintiffs argue that the Court should permit their filing of a brief in response to the Director's filing. Id. Alternatively, plaintiffs argue that the Court should stay any modification of the December 28, 2011 preliminary injunction pending plaintiffs' appeal. Id. at 2.

The Court rejects plaintiffs' Due Process objection because plaintiffs are not entitled to have the final word on the impact of the Eleventh Amendment in this case. While the Due Process Clause may give plaintiffs the right to be heard "at a meaningful time and in a meaningful manner," it does not encompass the precise sequencing of briefs, which is left to a court's discretion. Matthews v. Eldridge, 424 U.S. 319, 333 (1976); see also Meister v. C.I.R., No. 84-1560, 762 F.2d 1009, 1985 WL 13049 (6th Cir. March 18, 1985) (holding that petitioner's argument that he was denied due process when the respondent filed a trial brief out of sequence was "frivolous"). Here, plaintiffs were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9211 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | MANAGED PHARMACY CARE; ET AL. v. KATHLEEN SEBELIUS; ET AL. | | |

permitted to file a brief in which they set forth their position concerning the Eleventh Amendment. The Due Process Clause requires no more.

In any event, the argument plaintiffs raise in their surreply is unavailing. The crux of plaintiffs' argument is that by voluntarily agreeing on a temporary basis to make certain payments without the rate reduction prior to the Court's injunction, DHCS has waived its Eleventh Amendment immunity as to all services rendered by pharmacists from June 1, 2011 until December 28, 2011. However, the State's voluntary agreement to make certain payments does not constitute a waiver of Eleventh Amendment immunity. Ordinarily, a state may not "constructively waive" the Eleventh Amendment by its conduct, but instead must "unequivocally express" such intent. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675–76 (1999). Here, although the State voluntarily paid unreduced reimbursements until December 19, 2011, the State did not agree that payment for services rendered prior to the injunction would forever be paid as unreduced by AB97, or that the Court would have power to order such payment.

Finally, the Court finds that plaintiffs have not shown good cause for the Court to stay this modification. Were the Court to issue a stay, it would effectively require the State to pay damages from its treasury until plaintiffs' appeal is heard.

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby modifies the preliminary injunction to exclude coverage of services rendered between June 1, 2011, and December 28, 2011. Plaintiffs' ex parte Due Process objection and ex parte request for a stay are hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |